**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MICROSENSOR, INC., | : |
|       Plaintiff, | : |
|   v. | : Civil Action No. 05-0342 (JR) |
| SMK CORPORATION, | : |
|       Defendant. | : |

**MEMORANDUM ORDER**

On the day before defendant's motion to dismiss was set for oral argument, plaintiff filed a Rule 41(a)(1)(i) notice of voluntary dismissal. Such a dismissal is without prejudice if notice is filed "at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs." Defendant has filed neither an answer nor a motion for summary judgment, but defendant nonetheless objects, citing Chambers v. Gesell, 120 F.R.D. 1 (D.D.C. 1988), for the proposition that a Rule 41(a)(1)(i) notice is inoperative when a Rule 12(b)(6) motion has been converted to a Rule 56 summary judgment motion because "matters outside the pleading [have been] presented to and not excluded by the court . . . ." Defendant's motion to dismiss presented numerous matters outside the pleading. The question is whether the Rule 12(b)(6) motion was "converted" where, as here, those materials were not formally "excluded."

Chambers appears to be the only case in this Circuit to have addressed this issue, and its facts may have driven its holding.  It involved a claim against a sitting judge, brought by a *pro se* plaintiff, about a ruling the judge had made in an earlier case.  Judge Pratt granted a motion to dismiss on grounds of judicial immunity. 120 F.R.D. at 1-3.  Since the plaintiff might have been understood to have given notice of voluntary withdrawal before he ruled on the motion, Judge Pratt analyzed what effect such notice would have on the case. Id. at 2.  He ruled that "because defendant's 12(b)(6) motion relies on matters outside of the pleadings, we conclude that plaintiff no longer has an unconditional right to withdraw his complaint without prejudice." Id.

Other circuits are split on this question. Compare, e.g., Yosef v. Passamaquoddy Tribe, 876 F.2d 283, 286 (2nd Cir. 1989) ("[W]here a 12(b)(6) motion ripens into one for summary judgment, the right to voluntary dismissal is extinguished at the time the motion is served."), and Kurkowski v. Volcker, 819 F.2d 201, 203 (8th Cir. 1987) ("Under Fed.R.Civ.P. 12(b), a defendant's motion to dismiss is transformed into a motion for summary judgment when matters outside the pleadings are also submitted to the court."), with Swedberg v. Marotzke, 339 F.3d 1139 (9th Cir. 2003) (conversion from Rule 12(b)(6) to Rule 56

cannot take place unless court indicates that it is not excluding material presented beyond the pleadings), and Finley Lines Joint Protective Bd. Unit 200 v. Norfolk S. Corp, 109 F.3d 993, 995-97 (4th Cir. 1997) (same), and Aamot v. Kassel 1 F.3d 441, 445 (6th Cir. 1993) ("[C]onversion takes place at the discretion of the court, and at the time the court affirmatively decides not to exclude the extraneous matters."). See generally James W. Moore, 8 Moore's Federal Practice § 41.33[5][c][viii][B] (3rd ed. 2005) (providing extensive discussion of this issue).  I agree with Professor Moore, and with the Fourth, Sixth, and Ninth Circuits, that the "better view" requires that a court recognize, or rely upon, or least indicate that it is not excluding material outside the pleading before a motion to dismiss "converts" to a motion for summary judgment.

      Defendant does not object to the dismissal of this case, but rather appears to object to having had to expend resources responding to what it asserts was a frivolous and fraudulent complaint.  Rule 11 is the appropriate vehicle for such a grievance.

Defendant's objection to plaintiff's notice of dismissal [30] is **overruled.  IT IS SO ORDERED.**

```
                                  JAMES ROBERTSON
                           United States District Judge
```